UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6002 CAS (CTx) | Date | October 20, 2008 |
|---|---|---|---|
| Title | RUSSELL JOHNSON III vs. LUCENT TECHNOLOGIES, INC., CIGNA HEALTHCARE | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Russell Johnson, III, pro se | Russell Birner | |

**Proceedings:** DEFENDANT CONNECTICUT GENERAL LIFE INSURANCE COMPANY'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (filed 9/19/08)

DEFENDANT LUCENT TECHNOLOGIES, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (filed 9/19/08)

## I.    INTRODUCTION

This case arises from a lengthy history of lawsuits brought by plaintiff Russell H. Johnson, III ("Johnson"), appearing pro se, against his former employer, defendant Lucent Technologies, Inc., ("Lucent") and its corporate predecessors. On August 11, 2008, Johnson filed the instant action in the Los Angeles County Superior Court against Lucent and the administrator of his disability insurance benefits, Connecticut General Life Insurance Company ("Connecticut General"), alleging unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3 and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and for intentional infliction of emotional distress.[1]

---

[1] Connecticut General is incorrectly sued as CIGNA Healthcare. At hearing, plaintiff asserted that he was claiming fraud and medical malpractice claims, to which different statutes of limitation apply. Should plaintiff choose to pursue these claims in an amended complaint, he is to state clearly and plainly the nature of his claims and name

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6002 CAS (CTx) | Date | October 20, 2008 |
|---|---|---|---|
| Title | RUSSELL JOHNSON III vs. LUCENT TECHNOLOGIES, INC., CIGNA HEALTHCARE | | |

    Defendants removed this case to this Court on September 12, 2008. On September 19, 2008, each defendant filed a separate motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Johnson filed an opposition brief on October 8, 2008, which, though untimely, will be considered in light of his pro se status.[2] See Christian v. Mattel, Inc., 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.")[3] Defendants each filed a reply on October 14, 2008.

    A hearing was held on October 20, 2008. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

**II.    BACKGROUND**

    Johnson, an African-American, has maintained that he was assaulted by coworkers at Lucent's predecessor in 1986, and, upon complaining about the assaults, was forced to take disability leave and eventually terminated in 1987. Compl. 1:14-16; see also Johnson v. Lucent Technologies, et al., No. CV 05-4215 (CAS) (C.D. Cal. October 6, 2006) (order granting dismissal) (the "2006 Order"). He alleges that the assaults were part of a racially hostile work environment, and that the actions forcing him to take disability leave were both retaliatory and racially motivated. 2006 Order. In 2006, this Court dismissed claims Johnson brought against Lucent and various other defendants alleging violations of the California Fair Employment and Housing Act ("FEHA") as

---

and serve properly any additional defendants.

    [2] The opposition includes three evidentiary "attachments" to which defendants object. Because it is inappropriate to consider them on this 12(b)(6) motion to dismiss, the Court excludes the three attachments to Johnson's opposition brief.

    [3] The Court admonishes Johnson to comply in the future with all deadlines in accordance with the Federal Rules of Civil Procedure and the Local Rules.

UNITED STATES DISTRICT COURT   O
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6002 CAS (CTx) | Date | October 20, 2008 |
|---|---|---|---|
| Title | RUSSELL JOHNSON III vs. LUCENT TECHNOLOGIES, INC., CIGNA HEALTHCARE | | |

barred by the applicable statute of limitations. Id. This dismissal was affirmed by the Ninth Circuit Court of Appeals. Johnson v. Lucent Technologies, et al., 229 Fed. Appx. 479, No. 05-56853, 2007 WL 1186633 (9th Cir. Apr. 16, 2007) (mem.).

In 1989, Johnson also sued many of the same defendants in the United States District Court for the Eastern District of Pennsylvania, Civil Action No. 89-2089 (the "1989 action"), alleging a failure to pay his long term disability benefits in violation of the Employee Retirement Income Security Program Act of 1974 ("ERISA"), 29 U.S.C. § 1132. 2006 Order at 2. In 1990, that court entered judgment in Johnson's favor and ordered Lucent's predecessor to pay long term benefit payments (the "1990 Order"). Id. The court retained jurisdiction over the case, and the order provided that either AT&T or the plan administrator could petition the court to terminate Johnson's benefits if either Johnson failed to comply with the terms of the order, or it was determined that Johnson was no longer disabled. Johnson v. Lucent Technologies Inc., No. 07-1671, 2008 WL 265250, at *1 (3d Cir. July 8, 2008) (per curiam), reh'g and reh'g en banc denied (Aug. 11, 2008) ("Third Cir. Op."). Eight years later, after continued allegations by Johnson of wrongdoing in the payment of benefits, Lucent's predecessor and Johnson entered into a settlement and release as to the 1989 action. 2006 Order at 2.

On June 13, 2006, Lucent's predecessor filed a petition in the Eastern District of Pennsylvania to terminate Johnson's benefits as per the 1990 Order, alleging that Johnson had failed to provide evidence of a continuing disability. Third Cir. Op. at *1. In an attempt to facilitate the process, the district court ordered Johnson, with his psychiatrist, to complete and return certain medical forms. Id. at *2. Johnson did not return the forms. Id. Since he did not show that he was "undergoing psychiatric treatment and participating in a meaningful way or that he remain[ed] disabled" as required by the 1990 Order, the district court granted the petition to terminate benefits. See Third Cir. Op.; Lucent's Request for Judicial Notice ("RJN"), Ex. B, Johnson v. AT&T Bell Labs. Inc., No. 89-2089 (E.D. Pa. Dec. 19, 2006) (order). This order was affirmed by the Third Circuit Court of Appeals on July 8, 2008. Third Cir. Op.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6002 CAS (CTx) | Date | October 20, 2008 |
|---|---|---|---|
| Title | RUSSELL JOHNSON III vs. LUCENT TECHNOLOGIES, INC., CIGNA HEALTHCARE | | |

In his complaint, Johnson alleges that Lucent and Connecticut General unlawfully retaliated against him for his various administrative and judicial complaints by falsely claiming that he did not provide the appropriate documentation to show a continuing disability and subsequently ceasing to make his disability payments. (Compl. pp.1-2.) He alleges that a June 2006 disability form was on file with Connecticut General, and thus his benefits should not have been terminated.[4] (Id. at 1:27-2:2.)

Johnson alleges these actions violated Title VII of the Civil Rights Act of 1965 and Section 1981 of the Civil Rights Act of 1866, and also constituted an intentional infliction of emotional distress.

### III.  LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be

---

[4]  In both his complaint and in attachments to his opposition brief, Johnson attempts to reargue that his benefits should not have been terminated. Under principles of collateral estoppel, this Court will not address those issues which have already been addressed by the Eastern District of Pennsylvania and the Third Circuit. See Hawkins v. Risley, 984 F.2d 321, 325 (9th Cir. 1993) (quoting Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir. 1988), collateral estoppel bars relitigation of all "issues of fact or law that were actually litigated and necessarily decided in a prior proceeding against the party who seeks to relitigate the issues.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6002 CAS (CTx) | Date | October 20, 2008 |
|---|---|---|---|
| Title | RUSSELL JOHNSON III vs. LUCENT TECHNOLOGIES, INC., CIGNA HEALTHCARE | | |

drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6002 CAS (CTx) | Date | October 20, 2008 |
|---|---|---|---|
| Title | RUSSELL JOHNSON III vs. LUCENT TECHNOLOGIES, INC., CIGNA HEALTHCARE | | |

Cir. 2000).

## IV.  DISCUSSION

### A.  Johnson's Title VII Claim

#### 1.  Johnson's Failure to File a Timely Charge with the EEOC Bars Relief under Title VII

Johnson's Title VII retaliation claim must be dismissed because he failed to file a timely charge with the EEOC. Title VII requires an employee to file a charge "within one hundred and eighty days after the alleged unlawful employment practice occurred," or within three hundred days if "the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice." 42 U.S.C. § 2000e-5(e)(1).  As the Supreme Court recently confirmed, "a Title VII claim is time barred if it is not filed within these time limits." Ledbetter v. Goodyear Tire & Rubber Co., Inc., __ U.S. __, 127 S. Ct. 2162, 2172 (2007) (internal citation omitted).

The parties dispute what conduct constitutes the alleged unlawful employment practice here at issue.  Johnson argues that the practice is the actual termination of benefits, which occurred when the Pennsylvania district court entered its December 19, 2006 order.  (Compl. p.1.)  Lucent contends that the alleged wrong, which Lucent denies, could only have occurred at the time of the filing of the petition to terminate benefits, i.e., on June 13, 2006.  Under either measure, though, the Title VII charge is untimely. Johnson filed a charge with the EEOC on June 6, 2008, which was dismissed by the agency as untimely on June 16, 2008.  (RJN, Ex. K; Compl. Ex. 2.)  The EEOC charge was thus not filed until more than 500 days after the later date of the alleged retaliatory act.  As a result, Johnson's Title VII claim is time-barred.

However, "the Title VII statute of limitations is not a jurisdictional requirement; it may be waived, and equitably tolled." Sloan v. West, 140 F.3d 1255, 1262 (9th Cir.

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6002 CAS (CTx) | Date | October 20, 2008 |
|---|---|---|---|
| Title | RUSSELL JOHNSON III vs. LUCENT TECHNOLOGIES, INC., CIGNA HEALTHCARE | | |

1998), citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 394 (1983). The equitable tolling doctrine has been applied sparingly: "when the statute of limitations was not complied with because of defective pleadings, when a claimant was tricked by an adversary into letting a deadline expire, [or] when the EEOC's notice of the statutory period was clearly inadequate." Scholar v. Pacific Bell, 963 F.2d 264, 268 (9th Cir. 1992), citing Irwin v. Dep't of Veterans Affs., 498 U.S. 89, 96 (1990). Equitable tolling does "not extend to . . . a garden variety claim of excusable neglect." Irwin, id.

The Third Circuit's review of Johnson's appeal does not excuse Johnson's failure to file a charge with the EEOC. Indeed, Johnson's charge was filed prior to the date on which the Third Circuit decided the appeal. Therefore, Johnson clearly was not prevented from filing a charge while the appeal was pending.

Accordingly, Johnson's Title VII claim must be dismissed. The Court grants Johnson leave to amend so he may allege, if applicable, whether there is any other reason why the statute of limitations was tolled.

    **B.**    **Johnson's Section 1981 Claim**

        **1.**    **The Statute of Limitations for Section 1981 Retaliation Claims is Two Years**

Section 1981 does not specify a statute of limitations. 42 U.S.C. § 1981. Lucent contends that the statute of limitations for § 1981 retaliation claims is two years, and thus Johnson's § 1981 claim is also time-barred. Johnson argues the limitations period is four years, and thus his claim is timely. Lucent points to a recent case in the Northern District of California, Lelaind v. City and County of San Francisco, Public Utilities Commission, No. C 06-05870-MHP, 2008 WL 4104334 (N.D. Cal. Sept. 2, 2008).[5] That case alone is

---

[5]    Johnson attempts to distinguish Leiland by focusing on that court's discussion of continuing violations. However, the termination of benefits is not a "continuing violation" as Johnson alleges, even though Johnson continues to suffer the harms of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6002 CAS (CTx) | Date | October 20, 2008 |
|---|---|---|---|
| Title | RUSSELL JOHNSON III vs. LUCENT TECHNOLOGIES, INC., CIGNA HEALTHCARE | | |

not persuasive, as the Court in dicta noted that the two-year limitations period was undisputed by the parties. Id. at *10. See also Kaulia v. County of Maui, No. CV 05-00290 JMS-LEK, 2006 WL 4660130 at *3- *4 (holding two-year statute of limitations applied to § 1981 retaliation claim) (D. Haw. Sept. 25, 2006). However, at least two other district courts in the Ninth Circuit have held that retaliation claims under § 1981 are subject to a four-year statute of limitations. Camacho v. City of Tolleson, No. CV-07-1261-PHX-DGC, 2008 WL 2275575, at *2- *3 (D. Ariz. June 3, 2008); Jeffery v. Yellow Transp., Inc., No. Civ. S-05-2306 RRB, 2007 WL 2226055, at *3-*4 (E.D. Cal. July 31, 2007).[6]

This uncertainty is the result of the intersection of two legislative schemes. In 1987, the Supreme Court held that courts should apply the most analogous state statute of limitations to § 1981 claims. Goodman v. Lukens Steel Co., 482 U.S. 656, 660 (1987). Three years later, Congress enacted the Judicial Improvements Act of 1990, Pub.L. 101-650, which included a "catchall" four-year statute of limitations for actions "arising under" federal statutes enacted after its enactment on December 1, 1990. 28 U.S.C. § 1658. Interpreting this provision in Jones v. R.R. Donnelley & Sons Co., the Supreme Court held that the four-year catchall applies only "if the plaintiff's claim against the defendant was made possible by a post-1990 enactment." 541 U.S. 369, 382 (2004).

At or about the same time as the decision in Goodman and the enactment of § 1658, the Supreme Court decided Patterson v. McLean Credit Union, 491 U.S. 164 (1989), which held that § 1981 may be used to challenge race-based discrimination in the

---

termination.

[6] These cases are distinguishable, though. In Camacho, the parties had stipulated that the four-year statute of limitations applied to at least some of the Plaintiff's § 1981 claims. 2008 WL 2275575 at *1. In Jeffery, the court applied the four-year statute of limitations based on its conclusion that the retaliation claim in that case amounted to a hostile work environment claim under § 1981. 2007 WL 2226055 at *4. In contrast to race-based retaliation claims, it does not appear that § 1981 as initially enacted was sufficiently broad to cover hostile work environment claims.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6002 CAS (CTx) | Date | October 20, 2008 |
|---|---|---|---|
| Title | RUSSELL JOHNSON III vs. LUCENT TECHNOLOGIES, INC., CIGNA HEALTHCARE | | |

"making and enforcement" of contracts, but not with respect to all race-based discrimination in contract relations. 491 U.S. at 196. Patterson's effect, was to "for a brief time . . . have foreclosed retaliation claims [under § 1981]." CBOCS West, Inc. v. Humphries, __ U.S. __, 128 S. Ct. 1951, 1957 (2008). From the date on which Patterson was decided to 1991, with one exception, "no federal court of appeals . . . permitted a § 1981 retaliation claim to proceed." Id.

In 1991, as part of the Civil Rights Act ("CRA") of 1991, Congress amended § 1981 to add a section defining the "make and enforce contracts" language of the original statute to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b); Humphries, 128 S. Ct. at 1957. Since then, courts have widely endorsed the view that §1981 does not exclude retaliation claims. The Supreme Court came to this same conclusion this year in Humphries. Id.

Humphries did not state clearly whether, for statute of limitations purposes, a § 1981 retaliation claim is based on a statute enacted prior to or after December 1990.[7] The Humphries majority opinion strongly suggests that the claim was viable prior to that date under the original statutory text. Patterson notwithstanding, the Court concluded that "the view that § 1981 encompasses retaliation claims is indeed well embedded in the law." 128 S. Ct. at 1957.

This language suggests that § 1981 retaliation claims were authorized by the Reconstruction-era statute and not by the 1991 Amendments. In reaching its conclusion,

---

[7] While one court of appeals has addressed this question post-Humphries, the case was decided only one month after Humphries, and did not discuss Humphries at all. In Baker v. Birmingham Board of Education, the Eleventh Circuit summarily held that, since the plaintiff's retaliation and other claims were only "made possible by a post-1990 enactment" (the CRA of 1991), the four year catchall statute of limitations applied. 531 F.3d 1336, 1337 (11th Cir. 2008). Further, the court provided no details about the alleged retaliatory acts at issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6002 CAS (CTx) | Date | October 20, 2008 |
|---|---|---|---|
| Title | RUSSELL JOHNSON III vs. LUCENT TECHNOLOGIES, INC., CIGNA HEALTHCARE | | |

the Supreme Court relied on the original language in the statute and its analog in § 1982, and the case law under § 1982, not the language added in 1991. Id. Therefore, even though, from the time Patterson was decided in 1989 through the statute's amendment in 1991, most courts refused to recognize § 1981 retaliation claims, Humphries implicitly suggests the Court's disagreement with the notion that § 1981, as originally enacted, did not provide relief for retaliation claims. As such, the Court concludes that the most analogous state statute of limitations, here, two years, Cal. Code Civ. Pro. § 335.1, applies.

> **2.     The Statute of Limitations Accrued at the Time the Petition to Terminate Was Filed, and thus Johnson's § 1981 Claim is Time-Barred**

As noted above, the parties dispute the date at which the statute of limitations began to run. If the statute of limitations runs from June 13, 2006, when the petition to terminate benefits was filed, Johnson's § 1981 claim is time-barred, and if, as Johnson contends, it is the date at which the benefits were actually terminated, December 19, 2006, Johnson's § 1981 claim is timely.

While California law governs the length of the limitations period in this case, "federal law determines when a civil rights claim *accrues*." Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008), citing Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 926 (9th Cir. 2004) (emphasis in original). Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the actual injury," not when the injury is actually felt. Lukovsky, id. The Ninth Circuit found this rule consistent with Delaware State College v. Ricks, 449 U.S. 250 (1980), which held the "statute of limitations under both [Title VII and § 1981] commenced when the adverse decision was communicated to Ricks, even though the consequences of the action were not fully felt at that time." 535 F.3d at 1050.

The wrongful act alleged here was the petition to terminate, not the actual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6002 CAS (CTx) | Date | October 20, 2008 |
|---|---|---|---|
| Title | RUSSELL JOHNSON III vs. LUCENT TECHNOLOGIES, INC., CIGNA HEALTHCARE | | |

termination. The termination of benefits on December 19, 2006, was not an act of Lucent or Connecticut General. Rather, it was an act of a federal district court, later affirmed by the Third Circuit Court of Appeals. While, presumably, defendants were required to do something to effectuate the December 2006 order, plaintiff's complaint does not mention any conduct after that order. Instead, the complaint centers on Lucent's "alleg[ation] that plaintiff did not provide a current disability form in 2006." (Compl. 1:28.) This allegation was made in the petition to terminate benefits, not after the court issued its order terminating benefits. The complaint cannot plausibly be read to say that defendants only carried out the December 2006 order as retaliation; rather, it alleges defendants sought to terminate Johnson's benefits as retaliation.

This suggests that the claim accrued as soon as Johnson became aware of the petition to terminate. In a similar context, where plaintiffs claimed a violation of their right to access to courts in a previous suit, the Ninth Circuit affirmed that "knowledge of the injury does not suggest that the statute does not begin to run until the claimant has received judicial verification that the defendant's acts were wrongful." Morales v. City of Los Angeles, 214 F.3d 1151, 1154 (9th Cir. 2000) (internal citations and alterations omitted). As such, Johnson cannot claim resolution of the petition was necessary for his claim to accrue.

But the conclusion that the claim accrued on June 13, 2006, does not end the statute of limitations analysis. As set forth above, the claim may still be timely if principles of equitable estoppel or equitable tolling apply. Equitable estoppel applies primarily when the defendant has taken action to prevent a plaintiff from filing suit, whereas equitable tolling occurs when "a reasonable plaintiff would not have known of the existence of a possible claim within the limitations periods." Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002). The mere pendency of the ERISA litigation in the Third Circuit does not, on its face, justify the application of either of these doctrines.[8]

---

[8] The tolling that applies while underlying actions in malicious prosecution cases are pending, see Gibbs v. Haight, Dickson, Brown & Bonesteel, 183 Cal. App.3d 716 (1986), does not apply here. In malicious prosecution cases, the cause of action fails to

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6002 CAS (CTx) | Date | October 20, 2008 |
|---|---|---|---|
| Title | RUSSELL JOHNSON III vs. LUCENT TECHNOLOGIES, INC., CIGNA HEALTHCARE | | |

Since the Court grants plaintiff leave to amend, plaintiff may allege any other grounds for tolling or estoppel in his amended complaint.

### C.  Johnson's Intentional Infliction of Emotional Distress Claim

In his complaint, Johnson also brings a claim for intentional infliction of emotional distress ("IIED").  He does not specify whether this claim is brought under California or Pennsylvania law.

The statute of limitations for IIED claims is the same under both California and Pennsylvania law, and a claim must be brought within two years of the alleged wrongful act. Cal. Code Civ. Pro. § 335.1; 42 Pa. Cons. Stat. § 5524.  As discussed above in reference to the § 1981 claim, the claim accrued on June 13, 2006, more than two years before the complaint was filed.  As such, the IIED claim is time-barred, and thus should be dismissed.  Plaintiff may raise any grounds for tolling or estoppel in amending the complaint.

### III.  Conclusion

In accordance with the foregoing, the Court GRANTS the defendants' motion to dismiss plaintiff's claims with 30 days' leave to amend.  In light of the Court's conclusions regarding the statute of limitations, the Court declines to address Lucent's arguments about the sufficiency of the claims or Connecticut General's independent motion to dismiss.

---

exist until an underlying judgment is issued.  See Morales, 214 F.3d at 1155.  As discussed above, the cause of action accrued here when the petition was filed, and is not based on any later vindication.

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6002 CAS (CTx) | Date | October 20, 2008 |
|---|---|---|---|
| Title | RUSSELL JOHNSON III vs. LUCENT TECHNOLOGIES, INC., CIGNA HEALTHCARE | | |

00:02  
Deputy Clerk:   <u>CMJ</u>