# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL      'O'

| | | | |
|---|---|---|---|
| Case No. | 2:08-cv-06002-CAS(CTx) | Date | December 14, 2017 |
| Title | RUSSELL H. JOHNSON, III v. LUCENT TECHNOLOGIES, INC., ET AL. | | |

dEC

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

     Not Present                                         Not Present

**Proceedings:**      (IN CHAMBERS) – PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (Dkt. 124, filed November 20, 2017)

## I.     INTRODUCTION & BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the hearing date of December 18, 2017 is vacated and the matter is hereby taken under submission.

On August 4, 2014, the Court granted defendant Lucent Technologies' ("Lucent") motion for summary judgment on the basis that plaintiff's claims for retaliation in violation of 42. U.S.C. § 1981 and for intentional infliction of emotional distress were precluded by res judicata, and, nonetheless, failed on the merits as a matter of law. Dkt. 113. On August 18, 2014, the Court issued a judgment determining that plaintiff's action was fully and finally dismissed on the merits. Dkt. 115.

Plaintiff appealed the Court's August 18, 2014 judgment to the Ninth Circuit Court of Appeals, dkt. 116, and on September 27, 2016, the Ninth Circuit subsequently affirmed the Court's judgment in a memorandum, dkt. 112.

On November 20, 2017, plaintiff filed the instant motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). Dkt. 125 ("Motion"). Lucent filed an opposition on December 6, 2017. Dkt. 129 ("Opp'n").

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 60(b) provides that the Court may reconsider a final judgment and any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:08-cv-06002-CAS(CTx) | Date | December 14, 2017 |
| Title | RUSSELL H. JOHNSON, III v. LUCENT TECHNOLOGIES, INC., ET AL. | | |

judgment; or (6) extraordinary circumstances which would justify relief." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Rule 60(b) (6), the so-called catch-all provision, the party seeking relief "must demonstrate both injury and circumstances beyond [his] control that prevented [him] from proceeding with the action in a proper fashion." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006). In addition, the Ninth Circuit has confirmed that "[t]o receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered [her] unable to prosecute [her] case." Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010). This Rule must be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (quoting United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005)). Any Rule 60(b) motion must be brought within a reasonable time and no later than one year after entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1).

## III. DISCUSSION

Plaintiff asserts that his motion is based upon the following: (1) a sworn affidavit of Tim Vawter, who was allegedly "drugged at defendant's facility" in 1982; (2) the response from the Pennsylvania State Police concerning the "White Power" sign erected in front of Johnson's home; (3) the fact that Johnson was not allowed to attend the second day of the first ERISA trial against Lucent in 1989; and (4) his former attorney's alleged failure to timely prosecute the instant action. Motion at 2. Plaintiff contends that Vawter's affidavit is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time under Rule 59(b)." Id. at 3. Plaintiff further argues that Lucent has used ERISA as "weaponized psychiatry," and that relief from judgment is supported insofar as Judge Bybee—who was a member of the Ninth Circuit panel that affirmed the Court's August 18, 2014 judgment—is purportedly biased with respect to plaintiff's claim for intentional infliction of emotional distress. Id. at 7–8, 17.

In opposition, Lucent contends that, to the extent plaintiff moves under Rule 60(b)(1), (2), or (3), the motion is untimely because it was filed more than three years after the Court's final judgment on August 18, 2014. Opp'n at 1. Insofar as plaintiff filed the motion pursuant to Rule 60(b)(6), Lucent asserts that the motion should be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:08-cv-06002-CAS(CTx) | Date | December 14, 2017 |
| Title | RUSSELL H. JOHNSON, III v. LUCENT TECHNOLOGIES, INC., ET AL. | | |

denied on the merits because plaintiff has failed to show extraordinary circumstances justifying the reopening of a final judgment. Id. at 2.

The Court agrees that, insofar as plaintiff filed the instant motion pursuant to Rule 60(b)(1), (2), or (3), the motion is untimely because the instant motion was filed more than three years after the Court's August 18, 2014 final judgment order. See Fed. R. Civ. P. 60(c)(1); Nevitt v. United States, 886 F.2d 1187 (9th Cir. 1989). Moreover, plaintiff fails to demonstrate how Vawter's affidavit is relevant and why it is newly discovered evidence that could not have been discovered earlier with reasonable diligence.

Insofar as plaintiff filed the instant motion pursuant to Rule 60(b)(6), plaintiff fails to show extraordinary circumstances justifying relief from judgment. Plaintiff does not contend that his former attorney was "grossly negligent," see Lal, 610 F.3d 518 at 524, and he fails to demonstrate "both injury and circumstances beyond [his] control that prevented [him] from proceeding with the action in a proper fashion." Latshaw, 452 F.3d 1097, 1103 (9th Cir. 2006). Furthermore, plaintiff's references to the Pennsylvania State Police's 2015 response to his Right-to-Know request, his inability to attend the second day of his 1989 ERISA trial, and Judge Bybee's purported bias do not explain or relate to *how* plaintiff was prevented from prosecuting his case before this Court.

## IV. CONCLUSION

In accordance with the foregoing, plaintiff's motion for relief from judgment is **DENIED.**

IT IS SO ORDERED.

| | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |